**258**

James BARNES, Petitioner,

v.

Frederick WARREN, Judge, Campbell Circuit Court, Respondent.

Court of Appeals of Kentucky.

June 26, 1964.

James Barnes, pro se.

Robert F. Matthews, Jr., Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, for respondent.

STEWART, Judge.

Barnes was convicted (no mention is made of the crime) and sentenced to imprisonment (no mention is made of the length of the term) during the April, 1963, term of the Campbell Circuit Court. On December 4, 1963, he filed a motion to vacate the judgment, and then filed a petition for a writ of mandamus in this Court to compel action on his motion by the judge of the circuit court, the Honorable Frederick Warren. On March 18, 1964, the motion to vacate judgment was overruled.

On March 23, 1964, Barnes filed a notice of appeal with the Campbell Circuit Court. Receiving no answer, Barnes thought he had been denied the right to appeal. He then proceeded in the Federal District Court seeking a writ of habeas corpus. In reply to a show cause order, Assistant Attorney General Joe Nagle replied that Barnes had duly filed notice of appeal and the record of his case was being prepared. The Federal District Court is withholding further action, pending a decision by the circuit court on the appeal.

Barnes states he has never received a copy of the record. He asks that the Campbell Circuit Court be required to "forthwith forward the records of this cause, along with the trial transcript of evidence, including the closing arguments of both" petitioner's and the Commonwealth's attorneys. He also asks that counsel living near the penitentiary be appointed for him, as the Campbell Circuit Court has denied petitioner this right.

Respondent's answer was filed by Assistant Attorney General Nagle who states that respondent has extended the time in which the record may be filed in the Court of Appeals and that Barnes will be allowed to appeal to the Court of Appeals. He states in part: "The Commonwealth is perfectly willing to give the petitioner * * * the right of appeal to the Court of Appeals. * * * We know of no particular authority to cite, except there is no need for mandamus when the petitioner is to receive all to which he is entitled in the ordinary course of the court's business."

Although it appears that both the respondent and Assistant Attorney General Nagle have been doing everything they

have considered necessary to assist Barnes in the preparation of his appeal to this Court, a misunderstanding has arisen because it seems respondent has not been kept informed of the steps taken in his behalf. Undoubtedly, when it is brought to Judge Warren's attention that Barnes is an indigent, he will provide him with an attorney.

Wherefore, the petition is denied.